UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VP RACING FUELS, INC,
a Texas corporation

        Plaintiff,

        v.

GENERAL PETROLEUM CORPORATION,
a California corporation, and
DOES 1 through 100, inclusive

        Defendants.

No. 2:09-cv-02067-MCE-GGH

**MEMORANDUM AND ORDER**

----oo0oo----

Plaintiff VP Racing Fuels, Inc. ("Plaintiff") seeks injunctive and monetary relief from Defendant General Petroleum Corporation ("Defendant") for Unfair Competition in violation of Business and Professions Code § 17200 et seq. and for false advertising and related violations of the Unfair Practices Act, Business and Professions Code §§ 17500, et seq. Plaintiff's claims against Defendant stem from alleged misrepresentations of the octane rating of racing fuel distributed throughout California by Defendant.

1

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant concurrently brings the Motion to Dismiss for failure to comply with Federal Rule of Civil Procedure 9(b).  For the reasons set forth below, Defendant's Motion to Dismiss will be denied.[1]

## BACKGROUND[2]

Plaintiff, a Texas corporation authorized to do business in California, sells racing fuels in California, including street legal 100 Octane fuel.  Defendant, a California corporation with its principal place of business in California, distributes racing fuel in California under the Sunoco brand, including Sunoco's 100 Octane product, known as 260 GT™.  Plaintiff contends that Defendant "sold or caused to be sold 97 Octane fuel that has been represented and marketed to consumers to be 100 Octane."  (Am. Compl. ¶ 16.)

///
///
///
///

---

[1] Because oral argument was not of material assistance, this matter was deemed suitable for decision without oral argument. Local Rule 230(g).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Amended Complaint unless otherwise specified.

2

1    Plaintiff alleges that in June 2009, it collected samples of
2 allegedly 100 Octane fuel from ten fueling stations in California
3 ("Subject Locations").  Plaintiff alleges that Defendant is the
4 distributor responsible for the 100 Octane fuel offered for sale
5 at the Subject Locations.  Plaintiff avers that laboratory
6 testing and analysis showed that "[n]one of the evidentiary
7 samples tested from the Subject Locations were validated as 100
8 Octane.  The evidentiary samples taken at the Subject Locations,
9 despite being portrayed and sold as '100 Octane' tested at 97
10 Octane or below."  (Am. Compl. ¶ 15.)
11    Plaintiff alleges that Defendant, willfully and
12 intentionally, misrepresented the nature, characteristics and
13 qualities of Defendant's product in its labeling, marketing, and
14 product displays.  Plaintiff also alleges that as a direct
15 competitor of Defendant, Plaintiff "has been harmed by consumer
16 reliance upon such misrepresentations, which has enabled
17 Defendants to price their 100 Octane product below the true
18 market value of bona fide, 100 Octane fuel ... [and] has resulted
19 in competitive harm and has unfairly diverted sales to
20 Defendants."  (Am. Compl. ¶ 31.)
21    Plaintiff filed the present action on July 27, 2009.
22 Plaintiff filed an Amended Complaint on December 17, 2009.
23 Defendant now moves to dismiss all of Plaintiff's claims for
24 failure to state a claim upon which relief can be granted,
25 pursuant to Federal Rule of Civil Procedure 12(b)(6).
26 ///
27 ///
28 ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Assertions that are mere "legal conclusions," are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 555).

///
///

4

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

**ANALYSIS**

**A.   Standing**

Defendant argues that Plaintiff does not have standing to assert either an Unfair Competition Law ("UCL") or a False Advertising Law ("FAL") cause of action because it has not suffered an injury in fact and has not lost money as a result of unfair competition. Defendant contends that Plaintiff never had prior possession or a vested legal interest in the money from lost sales. Defendant consequently contends that Plaintiff lacks standing.

///
///
///
///
///
///

5

1  To satisfy Article III standing, a plaintiff must show that:
2  (1) it has suffered an "injury in fact" that is (a) concrete and
3  particularized, and (b) actual or imminent, not conjectural or
4  hypothetical; (2) the injury is fairly traceable to the
5  challenged action of the defendant; and (3) it is likely, as
6  opposed to merely speculative, that the injury will be redressed
7  by a favorable decision.  Friends of the Earth, Inc. v. Laidlaw
8  Envtl. Servs., Inc., 528 U.S. 167, 180-181 (2000).

9  The injury in fact prong is generally considered the
10 "principal limitation imposed by Article III." Grand Lodge of
11 Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14
12 (D.C. Cir. 2001) (citations omitted).  To satisfy the injury in
13 fact requirement under the UCL, a plaintiff must show that he
14 has: (1) "suffered injury in fact" and; (2) "lost money or
15 property as a result of unfair competition."  Cal. Bus. & Prof.
16 Code § 17204; see also Walker v. Geico General Ins. Co., 558 F.3d
17 1025, 1027 (9th Cir. 2009).

18 Plaintiff suffered an economic injury in fact when it
19 purchased Defendant's racing fuel and spent resources to test
20 Defendant's fuel.  Additionally, taking the facts in the light
21 most favorable to the non-moving party, Plaintiff has been
22 injured by consumer reliance upon Defendant's misrepresentations
23 which have resulted in competitive harm and diverted sales.

24 Although the purchase of an item for the sole purpose of
25 facilitating litigation does not constitute an "injury in fact,"
26 "funds spent independently of litigation to investigate or combat
27 the defendant's misconduct may establish an injury in fact."
28 ///

Buckland v. Threshold Enterprises, Ltd., 155 Cal. App. 4th 798, 815 (2007) (citing Walker v. City of Lakewood, 272 F.3d 1114, 1124, n. 3 (9th Cir. 2001)); see also Southern California Housing Rights Cernter v. Los Feliz Towers Homeowners Ass'n, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005) (finding that Plaintiff had standing because it presented evidence of an actual injury based on loss of financial resources in investigating a claim and diversion of staff time to conducting the investigation).

Here, Plaintiff suffered injury and spent significant resources purchasing Defendant's racing fuel and identifying the octane levels in Defendant's fuel. As Plaintiff explains, the fuel was not purchased for the litigation and was tested before Plaintiff became aware of a potential lawsuit. Pl.'s Opp. to Mot. to Dismiss 6:5-10.

In addition, Plaintiff is not a consumer initiating action on behalf of the public, but rather claims injury for its own harm incurred as a competitor of Defendant. The purpose of the UCL is to "protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." Shersher v. Superior Court, 154 Cal. App. 4th 1491, 1496 (2007).[3]

---

[3] The Court recognizes that California voters, through their passage of Proposition 64, did seek to limit standing under the UCL in order to "prevent abusive UCL actions by attorneys whose clients had not been injured in fact or used the defendant's product or service, and to ensure that only the California Attorney General and local public officials [are] authorized to file and prosecute actions on behalf of the general public." Buckland, 155 Cal. App. 4th at 812-813 (internal quotations omitted) (citing Prop. 64 § 1, subds. (b), (e), (f).) In this case, however, Plaintiff is a corporation bringing the UCL cause of action as a competitor, and consequently, is not the type of plaintiff whose standing was targeted by California voters through Proposition 64.

1    With respect to the FAL cause of action, California law
2 mandates a Plaintiff meet the same standing requirements as those
3 required in a UCL cause of action.  <u>Buckland</u>, 155 Cal. App. 4th
4 at 819.  Accordingly, under the FAL, a plaintiff can only assert
5 this cause of action if it "has suffered injury in fact and has
6 lost money or property as a result of such unfair competition."
7 <u>Id</u>.; <u>see</u> <u>also</u> Cal. Bus. & Prof. Code § 17535.  Plaintiff's
8 Amended Complaint meets that standard for the reasons already set
9 forth above.
10   Defendant cites <u>ZL Technologoies</u> as authority for its
11 argument that standing is absent because Plaintiff has failed to
12 allege that it was in possession of any "lost profits."  <u>ZL
13 Technologies, Inc. v. Gartner, Inc.</u>, 2009 WL 3706821, at *10-11
14 (N.D. Cal. Nov. 4, 2009).  In fact, however, Plaintiff alleges
15 not only lost profits from diverted sales but also expenses
16 incurred for both the purchase of Defendant's racing fuel and the
17 testing on that fuel.  Thus, even if Plaintiff was not in
18 possession of lost profits from diverted sales, Plaintiff
19 certainly was in possession of and had an ownership interest in
20 funds spent on Defendant's fuel and funds spent on testing that
21 fuel.
22   Defendant further argues that Plaintiff has failed to show
23 that the money spent on the purchase of fuel directly benefitted
24 Defendant.  Def.'s Mot. to Dismiss First Am. Compl. 9:10, n.3 and
25 Def.'s Reply on Mot. to Dismiss 6:1-8.  To maintain a cause of
26 action under UCL, a plaintiff must "once have had an ownership
27 interest in the money or property acquired by the *defendant*
28 through unlawful means."

8

Fulford v. Logitech, Inc., 2008 WL 4914416, at *3 (N.D.Cal. Nov. 14, 2008) (emphasis added) (citing Shersher, 154 Cal. App. 4th at 1500). Although "California still requires that the defendant have benefitted from the actions that resulted in an economic loss to plaintiff,...direct payment from plaintiff to defendant is not necessary to state a claim of false advertising or unlawful practices under the UCL." ZL Technologies, 2009 WL 3706821, at *10 (citing Shersher, 154 Cal. App. 4th at 1499-1500). In Shersher, the court found that defendant Microsoft benefitted from plaintiff's purchase of Microsoft products from third party dealers. Shersher, 154 Cal. App. 4th at 1499-1500. Here, Plaintiff sufficiently alleges that the fuel Plaintiff purchased benefitted Defendant, even though monies were not paid directly from Plaintiff to Defendant. A reasonable inference can be drawn that Defendant benefitted from Plaintiff's purchase of fuel that it distributed. This is enough to overcome any objection to standing for pleading purposes.

**B.    Unfair Competition Claim**

California's Business and Professions Code § 17200, more commonly known as California's Unfair Competition Law ("UCL"), defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and any act prohibited by [Cal. Bus. & Prof. §§ 17500 et seq.]." Therefore, in order to state a cause of action for unfair competition under the UCL, a plaintiff must allege either: (1) an unlawful act; (2) an unfair act; (3) a fraudulent act; or (4) false advertising.

9

1  Defendant contends that Plaintiff's Amended Complaint still
2 fails to allege a proper cause of action under the UCL because it
3 has failed to sufficiently allege either "unlawful conduct,"
4 "fraud," or "unfair conduct," as it must in order to state a
5 viable claim.  Moreover, Defendant argues that its actions fall
6 within the Petroleum Marketing Practices Act ("PMPA") Safe Harbor
7 and there is an absence of anti-trust violations.
8  Like its predecessor, Plaintiff's Amended Complaint alleges
9 that Defendant's practices constitute unfair competition because
10 "(1) they are unlawful, unfair, or fraudulent, or (2) they
11 involve unfair, deceptive, untrue or misleading advertising ...."
12 (Am. Compl. ¶ 20.)  Thus, it appears Plaintiff is attempting to
13 state a cause of action under each prong of the UCL's definition
14 for unfair competition.
15  Plaintiff has alleged both "unfair" and "fraudulent"
16 behavior with reasonable particularity.  This Court already came
17 to that conclusion in its previous Order. Mem & Order 35-36,
18 November 25, 2009.  Plaintiff's Amended Complaint maintains the
19 same language with respect to those two requirements.  The only
20 remaining question, therefore, is whether Plaintiff satisfies the
21 "unlawful" prong of the UCL.
22  "Unlawful" practices are practices "forbidden by law, be
23 [they] civil or criminal, federal, state, or municipal,
24 statutory, regulation, or court-made." Saunders v. Superior
25 Court, 27 Cal. App. 4th 832, 838-39 (1994) (citing People v.
26 McKale, 25 Cal. 3d 626, 632 (1979)).
27 ///
28 ///

10

1  To state a cause of action based on an "unlawful" business act or
2  practice under the UCL, a plaintiff must allege facts sufficient
3  to show a violation of some underlying law.  McKale, 25 Cal. 3d
4  at 635.
5      With respect to the "unlawful" prong, Plaintiff's Amended
6  Complaint alleges that Defendant violated California Business and
7  Professional Code § 13413(a), § 13413(b), and § 12024.6.  The
8  Amended Complaint explains that:

> "Defendant's conduct and the Advertising Statements are unlawful because Defendants have, on information and belief, misrepresented 'the brand, grade, quality, or price of a petroleum product'[Cal. Bus. & Prof. Code § 13413(a)] or used 'false or deceptive representations or designations in connection with the sale of petroleum products.'" [Cal. Bus. & Prof. Code § 13413(b)]."  (Am. Compl. ¶ 21.)

14 Plaintiff further explains that Defendant's conduct was
15 "proscribed by Business and Professional Code § 12024.6."  (Am.
16 Compl. ¶ 21.)  These allegations are sufficiently detailed to
17 satisfy the "unlawful" prong of the UCL.
18      With regard to Defendant's argument that the PMPA provides a
19 safe harbor for Defendant's conduct, this Court has already ruled
20 that the PMPA does not preempt state law claims for Unfair
21 Competition, pursuant to Cal. Bus. & Prof. Code § 17200 or for
22 False Advertising, pursuant to Cal. Bus. & Prof. Code § 17500.
23 Mem & Order 15 & 17, November 25, 2009.  Additionally, as
24 determined in this Court's previous Order, Plaintiff satisfies
25 the Cal-Tech requirement with respect to an "unfair" act.  Id. at
26 25; Cal-Tech Communications, Inc. v. Los Angeles Cellular
27 Telephone Co., 20 Cal. 4th 163, 187 (1999).
28 ///

11

In sum, because Plaintiff has sufficiently plead "unlawful," "unfair" and "fraudulent" behavior by Defendant, Defendant's Motion to Dismiss Plaintiff's UCL claim is denied.

### C. False Advertising Claim

Defendant argues that the Amended Complaint fails to allege that Defendant had anything to do with the advertising of the racing fuel. Def.'s Mot. to Dismiss, 10:1. Defendant further contends that Plaintiff's allegations relating to false advertising are "sparse and conclusory." Id. at 10:2. According to Defendant, Plaintiff must explain with more detail how Defendant had "substantial control" over the fuel's advertising and who at General Petroleum exercised such control. Id. at 10:3-4.

California's False Advertising Law ("FAL") prohibits the dissemination in *any advertising media* of any "statement" concerning real or personal property offered for sale, "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

"[T]o state a claim under either UCL or the false advertising law, based on false advertising or promotional practices, 'it is necessary only to show that "members of the public are likely to be deceived."'"

///
///
///

12

1  In re Tobacco II Cases, 46 Cal. 4th 298, 312 (2009) (quoting
2  Kasky v. Nike, Inc., 27 Cal. 4th 939, 951 (2002)).[4]  Accordingly,
3  a plaintiff must allege: (1) that statements made in advertising
4  are untrue or misleading, and (2) that defendant knew, or by the
5  exercise of reasonable care should have known, that such
6  statements were untrue or misleading.  People v. Lynam, 253 Cal.
7  App. 2d 959, 965 (1967).
8      Plaintiff's Amended Complaint cured the deficiencies this
9  Court originally found.  With respect to the FAL, this Court
10 previously found that the Complaint asserted conclusory
11 allegations that defendant made false statements in its
12 advertising and that Plaintiff had not alleged any facts as to
13 the substance or even existence of these labeling, marketing, and
14 product displays.  Mem & Order 29, November 25, 2009.  In its
15 Amended Complaint, Plaintiff states that Defendant "sold or
16 caused to be sold 97 Octane fuel that has been represented and
17 marketed to consumers to be 100 Octane."  (Am. Compl. ¶ 16.)
18 Additionally, Plaintiff alleges that "Defendant exercises or is
19 charged with substantial control over the method and manner of
20 how the fuel at issue is labeled, signaled, displayed, advertised
21 and marketed at the retail locations where Plaintiff purchased
22 the fuel."  (Am. Compl. ¶ 5.)  The first prerequisite for unfair
23 advertising is therefore satisfied.
24 ///
25 ///

---

[4] A violation of the UCL's fraud prong is also a violation of false advertising law (Cal. Bus. & Prof. Code § 17500 et seq.).  Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 210 (1983).

13

1  Plaintiff also satisfies the second prong of this test, alleging
2  that Defendant "has permitted Sunoco to make
3  marketing/advertising statements on Sunoco's web site that
4  advertise 100 octane fuel and the Subject Locations when, in
5  point of fact, [Defendant] knows or should know that 100 octane
6  fuel is not being sold at those locations."  (Am. Compl. ¶ 26.)
7  These specific allegations in the Amended Complaint satisfy the
8  pleading requirements for an FAL claim.  Accordingly, Defendant's
9  Motion to Dismiss the FAL cause of action is denied.

**CONCLUSION**

For all these reasons, Defendant's Motion to Dismiss (Docket No. 22) is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14